Case 9:22-cr-00048-DLC   Document 35   Filed 05/28/24   Page 1 of 1

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

District of Montana

| | |
|---|---|
| United States of America<br>v.<br>Marcyanna Rose Dimond | )<br>)<br>)  Case No: CR 22-48-M-DLC<br>)  USM No: 27956-510<br>) |
| Date of Original Judgment: 05/10/2023<br>Date of Previous Amended Judgment:<br>*(Use Date of Last Amended Judgment if Any)* | )<br>)<br>Defendant's Attorney |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ **DENIED.** ☐ **GRANTED** and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Defendant seeks a sentence reduction under the retroactive application to the criminal history rules in Part A of Amendment 821 to the United States Sentencing Guidelines. (*See* Doc. 34.) Defendant is ineligible.

Part A limits the overall criminal history impact of "status points" for offenders who committed the instant offense while under a criminal justice sentence. *See* USSG Ret. App. A & B, Sub. 1 Amendment 821 "Reasons for Amendment" (Nov. 1, 2023). "A defendant is ineligible for a sentence reduction if the relevant amendment does not have the effect of lowering the defendant's applicable guideline range." *United States v. Mercado-Moreno*, 869 F.3d 942, 949 (9th Cir. 2017); USSG §1B1.10(a)(2)(B) (2023).

Here, Defendant received two "status points" for committing the instant offense while on probation, resulting in a total criminal history score of 6 and a criminal history category of III. (PSR ¶¶ 33–35.) However, because a two-point reduction to her criminal history score from 6 to 4 under the retroactive application of Amendment 821 would not lower Defendant's criminal history category of III or associated guideline sentencing range, her motion is denied.

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED.**

Order Date: 5/28/2024

*Judge's signature*

Effective Date: _____
*(if different from order date)*

Dana L. Christensen, District Court Judge
*Printed name and title*